*Filed in Open Court This 3rd day of June 2008. nmg.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 08-66-JJF |
| | ) | |
| JOSE ROLANDO MURCIA-GUTIERREZ, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney,

Colm F. Connolly, United States Attorney for the District of Delaware, and Robert F. Kravetz,

Assistant United States Attorney, and the defendant, Jose Rolando Murcia-Gutierrez, by and

through his attorney, Eleni Kousoulis, Esquire, the following agreement is hereby entered into by

the respective parties:

1.    The defendant shall plead guilty in the United States District Court for the District of

Delaware to Counts One and Two of the Indictment.

a.    Count One charges the defendant with illegal reentry following an order of

removal, in violation of 8 U.S.C. § 1326(a).  The United States estimates, based upon information

known at the time of this agreement, that the maximum penalty for the offense is 2 years

imprisonment, a $250,000 fine, one year of supervised release, and a $100 special assessment.  The

defendant understands that if it is determined that he has a prior aggravated felony conviction, his

maximum sentence could be up to 20 years imprisonment, a $250,000 fine, three years supervised

release, and a $100 special assessment.  The defendant further understands that if there were a trial,

the Government would have to prove beyond a reasonable doubt the following essential elements of

the offense: (1) the defendant is an alien; (2) the defendant was removed from the United States; (3) the defendant thereafter was found in the United States; (4) without having obtained permission from the Attorney General or the Secretary of Homeland Security to reapply for admission to the United States.

      b.   Count Two charges the defendant with possession of a counterfeit alien registration receipt card, in violation of 18 U.S.C. § 1546(a). The maximum penalty for the offense is 10 years imprisonment, a $250,000 fine, three years of supervised release, and a $100 special assessment. The defendant understands that if there were a trial, the Government would have to prove beyond a reasonable doubt the following essential elements of the offense: (1) the defendant knowingly possessed an alien registration receipt card, (2) knowing that such alien registration receipt card was forged, counterfeit, altered, or falsely made.

      2.   In connection with this Memorandum, the defendant admits the following with respect to Counts One and Two of the Indictment:

          a.   As to Count One, the defendant admits that he is a citizen of El Salvador who illegally reentered the United States after being deported from the United States on October 7, 2003. The defendant further admits that he did not have permission from the Attorney General or the Secretary of Homeland Security to reenter or to reapply for admission to the United States.

          b.   As to Count Two, the defendant admits that: (1) on or about April 10, 2008, the defendant was in possession of a counterfeit alien registration receipt card; and (2) he knew that the card was not a valid card and that it had not been issued by the United States Government.

3.     The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in Title 18, United States Code, Section 3553(a) in determining an appropriate sentence.  At this stage, the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines.  The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge.  The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines.  The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

4.     Provided that the United States does not learn after the entry of the defendant's guilty plea of conduct by the defendant that is inconsistent with acceptance of responsibility, the United States agrees to recommend a two-level reduction in the defendant's Sentencing Guidelines range pursuant to U.S.S.G. § 3E1.1.

5.     The defendant agrees to pay the $200 special assessment the day of sentencing.  Should he fail to do so, the defendant agrees to enter voluntarily into the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

6.     The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

7.   It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in a written document signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney


_Eleni Kousoulis_
Eleni Kousoulis, Esquire
Attorney for Defendant

_Robert F. Kravetz_
Robert F. Kravetz
Assistant United States Attorney


_Jose Rolando Murcia Gutierrez_
Jose Rolando Murcia-Gutierrez
Defendant

Dated: June 3, 2008


**AND NOW**, this __3__ day of __June__, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.


_Joseph J. Farnan_
Hon. Joseph J. Farnan, Jr.
United States District Judge


4